# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2507

_____

Delaine Petersen

*Plaintiff - Appellant*

v.

State Farm Mutual Automobile Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 17, 2019
Filed: February 7, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Delaine Petersen appeals the district court's[1] dismissal of his action against State Farm Mutual Automobile Insurance Company (State Farm) for money allegedly due under an insurance policy issued by State Farm and covering his motorcycle.

In April 2014, Petersen, a resident of Carroll County, Iowa, sought insurance for a custom-built motorcycle. Because he had devoted significant time and personal expense to constructing the vehicle, he valued the motorcycle at $35,000 and requested insurance that would pay that amount in the event of total loss. Kirk Huehn, a State Farm insurance agent, assured Petersen that he could provide an appropriate policy. State Farm subsequently issued Petersen an insurance policy for the period of April 24, 2014 to April 24, 2015 covering Petersen's motorcycle for loss or damage up to $35,000. The policy expressly provided that "legal action relating to [physical damage] coverages" against State Farm must be brought "within one year immediately following the date of the accident or loss." Dist. Ct. Dkt. 3-2 at 35.

In April 2015, an incident caused a total loss of the motorcycle. Petersen sought the $35,000 policy limit from State Farm, but State Farm denied the claim. In September 2016, Petersen sued State Farm in the Iowa District Court for Polk County, alleging the company had fraudulently or deceitfully failed to pay him under his policy. In February 2018, Petersen voluntarily dismissed the case without prejudice. The next month, he refiled his claim in the Polk County district court, alleging State Farm had denied coverage in bad faith. He did not name Huehn as a party. State Farm, an Illinois corporation, removed the case to the United States District Court for the Southern District of Iowa based on diversity jurisdiction. It then filed a motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), asserting that the action on the policy is barred by the policy's one-year limitation provision. The district court granted the motion. The district court

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

held that Petersen's action is one for breach of the insurance policy contract by failing to pay the amount owing under the policy and thus is barred by the policy's one-year time limit for bringing legal action.

Having jurisdiction pursuant to 28 U.S.C. § 1291 and carefully considering the record before us, we find no reversible error in the district court's order. We therefore affirm the judgment of the district court. See 8th Cir. R. 47B.

_____